UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANTHONY BRIAN MALLGREN,

                        Plaintiff,                  **MEMORANDUM & ORDER**
                                                                          14-CV-2189 (MKB)

                        v.

PAGE BURKHOLDER, NIGHAT Y. SINDHU,
GARY CLEMUK, SHARON GREENE, and
JOHN DOES,

                        Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       On August 5, 2014, the Court dismissed a series of Complaints filed by Plaintiff Anthony Brian Mallgren, proceeding *pro se*, and granted him leave to file a single Amended Complaint in the above-captioned action regarding the circumstances of his involuntary commitment in a psychiatric facility. Plaintiff was also directed to show cause why he should not be barred from filing future complaints seeking to proceed *in forma pauperis* without leave of the Court. Plaintiff filed an "Affirmation Showing Cause," dated August 23, 2014 which was received by the Court on August 28, 2014. The Court received Plaintiff's Amended Complaint, dated September 1, 2014, on September 4, 2014.

       For the reasons discussed below, Plaintiff's Amended Complaint is dismissed and Plaintiff is hereby enjoined from filing new actions seeking *in forma pauperis* status without leave of the Court.

    **I. Background**

       Plaintiff's extensive litigation history is recounted in this Court's July 25, 2014 Memorandum and Order in *Mallgren v. N.Y. State Office of Atty. Gen., et al.*, No. 14-CV-2187,

2014 WL 3882468 (E.D.N.Y. July 25, 2014) (granting voluntary dismissal). He has filed a number of actions in Federal District Court relating to his January 17, 2014 involuntary commitment to South Beach Psychiatric Center, including the above-captioned action. The Court's August 5, 2014 Memorandum and Order in this action recounts the history of Plaintiff's numerous actions relating to the circumstances of Plaintiff's involuntary commitment. *See Mallgren v. Burkholder, et al.*, No. 14-CV-2189, 2014 WL 3845223 (E.D.N.Y. Aug. 5, 2014) ("August 5, 2014 Order").

In the August 5, 2014 Order, the Court found that Plaintiff's allegations regarding involuntary commitment, involuntary medical treatment and the conditions of his confinement, failed to state a plausible violation of the United States Constitution by a state actor, such that Plaintiff would be entitled to relief under 42 U.S.C. § 1983. Furthermore, the Court found that Plaintiff's allegations regarding the confidentiality of his medical records failed to state a claim under the Health Insurance Portability and Accountability Act. In light of Plaintiff's *pro se* status, the Court granted Plaintiff leave to amend his Complaint to state a § 1983 claim in the first-filed action, No. 14-CV-2189. Plaintiff was instructed that this Complaint would completely replace all prior Complaints, and was directed (1) to include all of the allegations he wished to pursue relating to his involuntary commitment and treatment at South Beach Psychiatric Center, and (2) to name individual defendants who could be held personally liable for any alleged deprivation of his constitutional rights. Plaintiff was also ordered to show cause why he should not be barred from filing future complaints seeking to proceed *in forma pauperis* without leave of the Court.

On August 28, 2014, Plaintiff filed a one-page "Affirmation Showing Cause" with the Court. Plaintiff states that he has "little access to legal research materials and [is] still

substantially under the effects of poverty," and requests that the Court "delay the injunction until the conclusion of these cases [challenging the conditions of his involuntary commitment.]" (Docket Entry No. 11, at 1.) He provided no additional information in response to the Court's order to show cause.

On September 4, 2014, the Court received Plaintiff's Amended Complaint. The Amended Complaint names as defendants several staff members at the South Beach Psychiatric Center, where Plaintiff has been involuntarily committed since January 17, 2014. However, the Amended Complaint does not include any allegations against any of the named Defendants.

The Amended Complaint first renews Plaintiff's previously dismissed claim related to his medical records. Plaintiff states that he was involuntarily committed to South Beach Psychiatric Center on or around January 17, 2014. (Docket Entry No. 12 ("Amend. Compl."), at 3.) Plaintiff alleges that he submitted a request to review his records to Lori Abondolo in January, 2014, but that his request has not yet been fulfilled. (*Id.*) The Amended Complaint asks: "Is it a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to not fulfill a request to review and challenge the accuracy of materials contained within records, pursuant to New York Mental Hygiene Law § 33.16?" (*Id.* at 2.) In two of Plaintiff's prior complaints, he had alleged that he had not been allowed to review and amend information contained in his medical records. (Docket Entry No. 1 ("Compl."), at 3; *Mallgren v. Burkholder, et al.*, No. 14-CV-2188, Docket Entry No. 1, at 3.) However, in another filing, he acknowledged that the documents were delivered to him, but described them as "seemingly insufficient/deficient." (*Mallgren v. Sindhu*, No. 14-CV-2735, Docket Entry No. 1, at 3.) Moreover, Lori Abondolo is not named as a defendant and none of the named Defendants are alleged to have been involved in Plaintiff's request for review of his patient records.

3

The Amended Complaint's second claim was not previously raised in any of Plaintiff's prior complaints. Plaintiff implies an alleged Due Process violation by asking, in the Amended Complaint: "Is it inhumane, Youngberg v. Romeo, 457 U.S. 307 (1982), to not allow persons that have been involuntary [*sic*] committed to pursue a formal education?" (Amend. Compl. at 2.) Plaintiff now alleges that his request for accommodations to allow him to pursue outside educational opportunities has not been fulfilled. (*Id.* at 4.) He claims that he has been approved for Pell grants and academic loans, he has found educational institutions with on-line coursework and he "has inquired about purchasing a laptop for such a course." (*Id.*) Plaintiff does not state whether he submitted formal requests for access to online coursework or what response he received. He does not identify any staff members from whom he requested assistance or who denied his requests.

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court

4

must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

### b. Possible Section 1983 Claims

Plaintiff's vague invocation of due process and allegations regarding liberty restrictions and other alleged deprivations of his civil rights fail to state a claim under 42 U.S.C. § 1983. In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 claims generally must be brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against the government entities or agencies where those individuals are employed. Plaintiffs seeking to recover money damages "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff has not alleged any claims against any individual Defendants, to the extent he was attempting to do so, Plaintiff has failed to state a § 1983 claim.

5

### i. Involuntary Commitment

Plaintiff submits to the Court that he was "depriv[ed] of life, liberty and property without due process of law." He reiterates several times throughout the Amended Complaint that he was involuntarily committed. As the Court outlined in the August 5, 2014 Order, New York State's Mental Hygiene Law governs the involuntary commitment of persons suffering from mental illness. *See* N.Y. Mental Hyg. Law § 9. It provides a process through which a patient has the right to contest involuntary commitment through a state court hearing, *id.* §§ 9.31, 9.39(a), and provides a process through which a patient's medical records may be sealed if the court finds that the he was illegally detained, *id.* § 33.14. The Second Circuit "ha[s] held that section 9.39 facially satisfies Fourteenth Amendment due process requirements." *Olivier v. Robert L. Yeager Mental Health Ctr.*, 398 F.3d 183, 188 (2d Cir. 2005) (citing *Project Release v. Prevost*, 722 F.2d 960, 972–74 (2d Cir.1983)); *see Bryant v. Steele*, --- F. Supp. 2d ---, ---, 2014 WL 2475608, at *12 (E.D.N.Y. June 3, 2014) ("New York's overall statutory scheme governing involuntary commitments has been held to 'facially satisf[y] Fourteenth Amendment due process requirements.'" (quoting *Olivier*, 398 F.3d at 188)).

Plaintiff failed to allege any violation of this statutory scheme that rises to constitutional dimension — or any violation of the statutory scheme whatsoever. In light of the fact that Plaintiff has not alleged any violation of this law, or submitted any further detail about his involuntary commitment, Plaintiff has failed to state a claim upon which relief can be granted.

### ii. Educational Opportunities

Plaintiff suggests that he is subjected to inhumane conditions of confinement because his requests for "accommodations to pursue a formal education while involuntary [*sic*] committed" were unfulfilled. Persons who are subject to civil commitment in mental health facilities are

protected from inhumane conditions of confinement by the Due Process Clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982) ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."); *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment."); *Groves v. Davis*, No. 11-CV-1317, 2012 WL 651919, at *3 (N.D.N.Y. Feb. 28, 2012) (applying the Eighth Amendment standard to the Fourteenth Amendment claims of a plaintiff subject to involuntary civil commitment in a mental health facility). A claim for inhumane conditions of confinement may assert a constitutional deprivation where it alleges "unquestioned and serious deprivations of basic human needs" or denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prisoners and detainees have constitutionally protected rights to receive adequate food, clothing, shelter, medical care, and security. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "Plaintiffs have no eighth amendment right to . . . educational activities." *Griffin v. Coughlin*, 742 F. Supp. 1006, 1017 (N.D.N.Y. 1990) (citing *Rhodes*, 452 U.S. at 348; *Peterkin v. Jeffes*, 855 F.2d 1021, 1029–30 (3d Cir. 1988)).

Plaintiff has not established any constitutional right to pursue educational opportunities during his involuntary commitment. Plaintiff has not alleged that the ability to seek "formal education" or access a laptop are among the constitutionally protected rights guaranteed by the Eighth or Fourteenth Amendments. As he has failed to allege a "serious deprivation of basic

7

human needs" that would suggest a violation of his constitutional rights, *see Rhodes*, 452 U.S. at 347, this claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. Medical records

Plaintiff suggests that his Fourteenth Amendment rights were violated because his request to review and challenge the accuracy of his medical records was not fulfilled. Plaintiff has not identified any constitutional right to inspect or challenge his medical records. As the Court previously explained in its August 5, 2014 Order, a federal law, the Health Insurance Portability and Accountability Act ("HIPAA") established standards and promulgated regulations designed to protect the privacy and accuracy of individually identifiable health information. 42 U.S.C. §§ 1320d - 1320d-8. These regulations provide a process by which individuals may request amendments to the content of their records and establish procedures for accepting or denying the requested amendment. 45 C.F.R. § 164.526(b)-(d). As stated in the August 5, 2014 Order, HIPAA regulations are enforceable by the Secretary of Health and Human Services, and they do not provide a private cause of action through which individuals can enforce its provisions. 42 U.S.C. § 1320d-6(a)(2); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.,* 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases). Accordingly, the Court finds that the Amended Complaint fails to state a claim under federal law related to Plaintiff's medical records. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is not without recourse. He may use the HIPAA procedures provided in 45 C.F.R. § 164.526(b)-(d) to request review and amendments to his medical records. Moreover, New York's Mental Hygiene Law § 33.16 gives patients the right, on written request and with certain limitations, to inspect their own clinical records in the possession of mental health

facilities and permits an individual to review and challenge the accuracy of materials contained in his records. N.Y. Mental Hyg. Law § 33.16(b), (c), and (g). The Amended Complaint does not indicate what records Plaintiff requested, whether he followed the provided procedures for requesting review of the records, or whether he challenged the accuracy of the information contained in his clinical record.

### III. Filing Injunction

The Court's August 5, 2014 Order directed Plaintiff to show cause why he should not be barred from filing future complaints seeking *in forma pauperis* status without leave of the Court. As recounted therein, Plaintiff has filed at least 24 cases in this Court since January 23, 2013, along with numerous cases in other district courts. Of the cases filed in this Court, 19 were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) or for lack of subject matter jurisdiction. By Orders dated May 2, 2013, in *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13-CV-1054, *Mallgren v. John Doe Corp.*, No. 13-CV-1265, and *Mallgren v. Bloomberg, et al.*, No. 13-CV-1466; by Order dated March 11, 2014 in *Mallgren v. Am. Psychiatric Ass'n*, *et al.,* No. 14-CV-2211, 2014 WL 978457 (E.D.N.Y. Mar. 11, 2014); and by Order dated July 25, 2014 in *Mallgren v. N.Y. State Office of Atty. Gen., et al.*, No. 14-CV-2187, 2014 WL 3882468 (E.D.N.Y. July 25, 2014), Plaintiff was warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. The Court again issued this warning in its August 5, 2014 Order.

Plaintiff's "Affirmation Showing Cause" states that "In question in this latest string of cases is the constitutionality of involuntarily confining an individual for a total of over nine months, both the due process prospect and the conditions of confinement." (Docket Entry No.

11, at 1) Plaintiff requests that the Court "delay the injunction until the conclusion of these cases, effectively giving Anthony Brian Mallgren another chance to properly address the court in these and future cases." (*Id.*) The Affirmation does not, however, offer any valid reason why Plaintiff should not be barred from filing future *in forma pauperis* complaints. Plaintiff's prior complaints related to his involuntary confinement and the conditions of his confinement were dismissed because they failed to state a claim for relief. Plaintiff has been given ample opportunity to demonstrate that his confinement in a mental health facility violated due process or that he was subjected to inhumane conditions of confinement. When prompted, Plaintiff moved to discontinue his claims that he had not been given the constitutionally required process for involuntary commitment. Moreover, Plaintiff's sole remaining argument related to the conditions of his confinement alleged that he did not have access to a "formal education" through online coursework, a privilege that he has not demonstrated to be part of the constitutionally protected "basic human needs" of prisoners or detainees.

      The Court finds that Plaintiff's frequent frivolous filings detract from the legitimate cases before the Court. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted). Plaintiff has demonstrated such a history and the Court

therefore imposes this injunction preventing Plaintiff from filing any further action without seeking leave of the Court.

## IV. Conclusion

The Court finds that the Amended Complaint fails to cure the deficiencies in the original complaints. Accordingly, the action in docket number 14-CV-2189 is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In addition, Plaintiff's Affirmation fails to show cause why the Court should not issue an injunction barring him from filing future frivolous complaints seeking *in forma pauperis* status, without leave of the Court. Accordingly, the Court orders that (1) Plaintiff is enjoined from filing any new *in forma pauperis* action in the District Court for the Eastern District of New York without first obtaining leave of this Court; and (2) the Clerk of Court is directed to return to Plaintiff, without filing, any action that is received without an application seeking leave to file. 28 U.S.C. § 1651.

Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Order. However, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: October 8, 2014
       Brooklyn, New York